MRM:BTK
F. #2022R00347

FILED
CLERK

9/26/2024 3:18 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   - against -

CARMINE G. AGNELLO,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

I N F O R M A T I O N

Cr. No. _____
(T. 18, U.S.C., §§ 1343, 982(a)(2),
982(b)(1) and 3551 et seq.; T. 21, U.S.C.,
§ 853(p))

THE UNITED STATES ATTORNEY CHARGES:

INTRODUCTION

At all times relevant to this Information, unless otherwise indicated:

<u>The COVID-19 Pandemic in the United States and the EIDL Program</u>

1.  In or about December 2019, a novel coronavirus, SARS-CoV-2, caused outbreaks of the coronavirus disease COVID-19 that spread globally. On or about January 31, 2020, the Secretary of Health and Human Services declared a national public health emergency under 42 U.S.C. § 247d as a result of the spread of COVID-19 to and within the United States. On or about March 11, 2020, the Director-General of the World Health Organization characterized COVID-19 as a pandemic. On or about March 13, 2020, the President of the United States issued Proclamation 9994 declaring a national emergency beginning on March 1, 2020, as a result of the rapid spread of COVID-19 within the United States.

2.     On or about March 27, 2020, the President signed into law the Coronavirus Aid, Relief, and Economic Security ("CARES") Act. The CARES Act was a federal law designed to provide emergency financial assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic.

3.     One source of relief provided by the CARES Act was the Economic Injury Disaster Loan ("EIDL") program. The EIDL program was overseen by the Small Business Administration ("SBA") and was designed to provide long-term, low-interest loans for small businesses affected by various natural and economic disasters. The CARES Act provided funding for EIDLs for businesses affected by the COVID-19 pandemic. EIDL loan amounts were determined based on the recipient businesses' historical revenue and disbursed directly by the SBA.

The Defendant and His Fraud Scheme

4.     The defendant CARMINE G. AGNELLO was a resident of Smithtown, New York. AGNELLO operated Crown Auto Parts & Recycling, LLC ("Crown"), through which he committed the fraud described herein.

5.     On or about and between April 4, 2020 and November 5, 2021, both dates being approximate and inclusive, the defendant CARMINE G. AGNELLO engaged in a scheme to defraud the SBA and several financial institutions administering the EIDL program of federal COVID-19 emergency-relief funds meant for distressed small businesses. It was a part of the scheme to defraud that AGNELLO submitted or caused to be submitted at least three online loan applications to obtain funds through the EIDL program for Crown. It was further a part of the scheme to defraud that these loan applications and certain supporting documentation contained materially false and fraudulent information including, but not limited to, Crown's number of

employees, the intended use of the applied-for loan proceeds, and the statement that AGNELLO did not have a criminal record when, in fact, in 2018, AGNELLO was convicted of a misdemeanor offense in a New York State Court, all of which was specifically designed to mislead the SBA and financial institutions administering the EIDL program into disbursing various loans, which it did.

6. In total, between approximately April 4, 2020 and November 5, 2021, as a result of this fraudulent scheme, the SBA and financial institutions administering the EIDL program wire-transferred sums totaling approximately $1.1 million in EIDL loans for Crown to bank accounts that the defendant CARMINE G. AGNELLO established at bank branches in the Eastern District of New York and elsewhere.

7. Shortly after receiving these loan proceeds, the defendant CARMINE G. AGNELLO utilized the proceeds to enrich himself, including by investing approximately $420,000 in a cryptocurrency business.

## WIRE FRAUD

8. The allegations contained in paragraphs one through seven are realleged and incorporated as if fully set forth in this paragraph.

9. On or about and between April 4, 2020 and November 5, 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant CARMINE G. AGNELLO did knowingly and intentionally devise a scheme and artifice to defraud the SBA and one or more financial institutions administering the EIDL program, and to obtain money and property from the SBA and said financial institutions by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted by means

of wire communication in interstate and foreign commerce, one or more writings, signs, signals, pictures and sounds, to wit: fraudulent online applications for one or more EIDL loans for Crown.

(Title 18, United States Code, Sections 1343 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

10. The United States hereby gives notice to the defendant that, upon his conviction of the offense charged herein, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense.

11. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by 18 U.S.C. § 982(b)(1), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(2) and 982(b)(1); Title 21, United States Code, Section 853(p))

By: *Whitman G. S. Knopp, Asst. U.S. Atty.*
BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK