

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JLG:CPK
F. #2022R00347

*610 Federal Plaza*
*Central Islip, New York 11722*

April 16, 2026

By ECF
Honorable Nusrat J. Choudhury
United States District Court Judge
United States District Court
Eastern District of New York
1040 Federal Plaza
Central Islip, New York 11722

       Re:    United States v. Carmine G. Agnello
              Criminal Docket No. 24-366(S-1) (NJC)

Dear Judge Choudhury:

The government respectfully submits this supplemental letter regarding the sentencing of defendant Carmine G. Agnello ("Defendant") in response to defendant's letter of April 13, 2026. Regarding the once prominent issue of defendant's request for a downward departure so that he could donate a kidney to a relative, defendant now withdraws that request and asks that the court recognize "defendant's offer" as an "exceptionally good deed" to be considered as part of defendant's "history and characteristics." This is a bridge too far. The facts are that the oft-promised kidney donation has not happened and is not even scheduled to happen, and the defendant's intention to donate his kidney, if required in the future, is too speculative to be considered under 18 U.S.C. § 3553(a).

As the Court is well aware, defendant stole over a million dollars from the United States during a national emergency, Covid-19. This is a serious crime. As the Second Circuit stated, these Covid Aid monies were funds that "people in the midst of a pandemic desperately needed." United States v. DiMassa, 117 F.4th 477, 483 (2d Cir. 2024). Of the $1.1 million received by the defendant from Covid Aid funds, the only Covid funds distributed to the defendant while the business, Crown Auto Parts & Recycling ("Crown"), was operating totaled $150K. The near million dollar balance was distributed when the business was closed and was used by defendant for his own personal purposes. Defendant's assertion that "Crown was an operating salvage yard with employees, equipment and expenses" was true only when Crown received the first EIDL payment of $150,000. When defendant subsequently received near a million dollars, Crown was no longer operating. Although defendant's sentencing letter refers to July 2021 as the date "when *the government* contends that the company ceased operations," (emphasis added), there is no good faith dispute as to this fact. Defendant himself stated, in a text message to his accountant, that "Crown hasn't done any business since July of 21." Notably, defendant *applied* for the two loan

modifications totaling almost a million dollars *after* Crown had ceased operations.  Further, defendant attaches Crown's summary sheet of payroll records from 2021to his sentencing letter to suggest that there were operations throughout 2021 when, in fact, the last paychecks for Crown employees were between March 2 and July 9, 2021, consistent with defendant's statement that there was no ongoing business after July of 21.

Finally, and perhaps most compelling, as to history and characteristics of defendant, it is significant that, even after receiving almost a million dollars in loan modifications in the fall of 2021 when Crown had no operations, in 2022, defendant applied for another modification for Crown, to increase the loan amount to $2 million dollars claiming that his "business depends on it" and that he ran "a fairly large company that employs a good amount of people…in which I refused to lay off anyone." Of course, at the time, the business was not operating and the employees had been laid off the year before. That modification request was denied.

These facts strongly support a guidelines sentence.  Defense counsel has offered no rationale for imposing a below guideline sentence for the defendant.  Accordingly, the government maintains its request for a guideline sentence in the 33-41 months range.  The judgment should also include a restitution amount of **$1,268,302** which includes interest to April 20, 2026 which continues thereafter at the rate of $111.30 per day and a special assessment of $100.

Respectfully submitted,

JOSEPH NOCELLA JR.
United States Attorney

By:      */s/ Charles P. Kelly*
Charles P. Kelly
Assistant U.S. Attorney
(631) 715-7866

cc:  Defense Counsel (via ECF)

2