# Gang Land News
### Real Stuff about Organized Crime

capeci@ganglandnews.com
Jerry Capeci

FILED
CLERK
April 16, 2026

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE



RECEIVED
April 16, 2026
PRO SE OFFICE

April 16, 2026

The Honorable Nusrat Choudhury
US District Court
100 Federal Plaza
Central Islip, NY 11722

### Re: US v. Carmine C. Agnello 24CR366 NJC)

Dear Judge Choudhury:

I respectfully submit this letter to the Court for the purpose of intervening in *U.S. v Agnello* in order to assert the public's rights under the First Amendment of the Constitution and the common law to obtain full unredacted access to the supplemental sentencing memo dated April 13, 2026 that has been and filed by the current counsel for the defendant.

Specifically, I petition the Court to treat this application as a claim asserted by an interested party who is petitioning your Honor on behalf of the public to unseal the blacked out portions of document 33 on the first and second pages of the three page document submitted by attorneys Jeffrey Lichtman and Jeffrey Einhorn.

I am a news reporter, have covered federal court proceedings since the mid-1970s, for the New York Post, and later for the New York Daily News. Since 1996, I have published an online column about organized crime at www.ganglandnews.com. I have written about the defendant's guilty plea. I am planning to write about his sentencing, currently scheduled before Your Honor on April 20.[1]

I ask that the Court treat this letter as a *pro se* motion, list it as such on the court docket sheet, and declare that I am an interested party in the case, as judges in this Court and others have done in cases where I have intervened on behalf of the public.

---

[1] Notably, the motives of the press and public for seeking access to redacted information is not relevant or dispositive to whether access should be granted, because the party seeking closure bears the burden of demonstrating that the information submitted to the court should be sealed. *DiRussa v. Dean Witter Reynolds*, Inc., 121 F.3d 818, 820 (2d Cir. 1997); *United States v. Amodeo*, 71 F.3d 1044 (The motive for seeking access is irrelevant when defining the weight accorded the presumption of access.)

# Gang Land News
### *Real Stuff about Organized Crime*

capeci@ganglandnews.com
Jerry Capeci

This petition is made pursuant to the tenets of the common law and the First Amendment of the Constitution, and the relevant statutes and judicial precedents that ensure the public's right of access to judicial documents in criminal prosecutions in the United States, including sentencing memos.

It is well established that except for extraordinary reasons, namely those that involve national security or safety of witnesses or other individuals, the public and the press have a common law right as well as a First Amendment right to all judicial documents, including letters and exhibits, in all criminal cases.

The First Amendment guarantees the press and the public "a general right of access to court proceedings and court documents unless there are compelling reasons demonstrating why it cannot be observed." *Washington Post v. Robinson*, 935 F.2d 282, 287-88 (D.C. Cir. 1991); *See also In re New York Times Co.*, 828 F.2d, 110,114 (2d Cir. 1987) ("where the first amendment provides a right of access, continued, sealing of documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim").

As the U.S. Supreme Court has explained, the public has an independent First Amendment right of access to criminal proceedings to ensure the transparency and legitimacy of the judicial process. *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980). The right of access "is so fundamental, because it 'contribute[s] to public understanding of the rule of law and to comprehension of the functioning of the entire criminal justice system . . . .'" *Id.* at 572-573 (quoting *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 587 (1976) (Brennan, J., concurring in the judgment). A criminal justice system built on "openness thus enhances both the basic fairness of the criminal trial and the appearance of fairness so essential to public confidence in the system." *Press-Enter. Co. v. Superior Court of California*, 464 U.S. 501, 508 (1984) ("Press-Enterprise I") (*citing Richmond Newspapers*, 448 U.S. at 569-571)

In discussing the history of open proceedings, the Supreme Court noted that through openness, the public is better able to ensure "the proper functioning of a trial; it gave assurance that the proceedings were conducted fairly to all concerned, and it discouraged perjury, the misconduct of participants, and decisions based on secret bias or partiality." *Richmond Newspapers*, 448 U.S. at 569.

Upon information and belief, the same Supreme Court dicta applies to cases resolved by a guilty plea, which has occurred here, involving the grandson of convicted Mafia boss John Gotti. The defendant, who co-starred with his mother, Victoria Gotti, on a reality TV show, had sought a

P.O Box 863 • Long Beach, NY 11561 • (516) 431-1277
www.ganglandnews.com

# Gang Land News
## *Real Stuff about Organized Crime*

capeci@ganglandnews.com
Jerry Capeci

downward departure from his sentencing guidelines because he was donating a kidney to his mom, and his prior sentencing date was postponed to allow him to do so on March 30.

The April 13 filing indicates that either Ms. Gotti's condition, or the health of the defendant, has changed since then, or that the prior filing was not correct.

In their filing, the lawyers state that the "surgical procedure . . . has not even taken place." But they do not state – in the filing's unredacted portions – whether it has been postponed and will be rescheduled at a future time.

Instead, the lawyers imply that the procedure has been cancelled in a blacked out section two sentences later, where they state: "We simply ask that the Court recognize the defendant's *offer* to aid his mother and donate his kidney as an exceptionally good deed, with serious risks attached, warranting consideration as part of the 'history and characteristics of the defendant.'"

Since the defendant has publicly detailed numerous reasons why his mother needed to receive his kidney, and he was granted a delay in his sentencing in order to accomplish that goal, the public, through the news reporters who are covering this story, should not have to guess why the situation has changed. It should have access to all the unredacted reasons that the defendant has told the Court about the dramatically changed circumstances regarding the planned donation of his kidney to his mother.

I respectfully request that Your Honor decide this motion on an expedited basis. In that vein, I ask the Court to take judicial notice of the fact that the public should have access to court documents contemporaneously with their filings, since that is when they are most newsworthy, not weeks or months later, when the story is "old news," and any unsealed info would be less likely to be published, and less likely to be seen if a story is later published.

That is especially so, in this case, in which the defendant publicly filed numerous exhibits that disclosed in detail the medical ailments that Ms. Gotti suffers as a reason why he should receive a downward departure from his sentencing guidelines – and a delay in his sentencing – so he could donate a kidney to his mom on March 30. That info was widely reported and the public should know all the reasons why the Court has been told that is no longer the case.

In the case of *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994), the Second Circuit explained that "[i]n most cases, a judge must carefully and skeptically review sealing requests to insure that there really is an extraordinary circumstance or compelling need." And, "where the first amendment provides a right of access, continued sealing of documents may be justified only with specific, on-the record findings that sealing is necessary to preserve higher values and only

# Gang Land News
## *Real Stuff about Organized Crime*

capeci@ganglandnews.com
Jerry Capeci

if the sealing order is narrowly tailored to achieve that aim." *In re New York Times Co.,* 828 F2d at 114 (2d Cir. 1987).

For all the above reasons, as well as any others the Court may deem relevant and appropriate, I respectfully petition your Honor to unseal the blacked out portions of document 33, before the sentencing on Monday. Upon information and belief, there are no legal reasons why the sealed material, which the defense lawyers have redacted, should be withheld from the public.

I thank the court for its time and consideration in this important matter regarding both the common law and First Amendment of the Constitution.

Sincerely,

Jerry Capeci
cc Jeffrey Lichtman, Jeffrey Einhorn, Charles Kelly, via email.